UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN BULLOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-119 NAB |
| | ) |
| FRANKLIN COUNTY ADULT | ) |
| DETENTION CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the complaint filed by *pro se* plaintiff Brian Bullock. Plaintiff, a prisoner at the Fulton Reception and Diagnostic Center ("FRDC") in Missouri, filed his civil rights complaint in the District of Arizona on December 4, 2018, and it was transferred to this Court on January 29, 2019. Plaintiff also filed an "Application for Leave to Proceed In Forma Pauperis," which will be construed by the Court as a motion. ECF No. 2. Having reviewed plaintiff's financial information, the Court will grant the motion and allow plaintiff to proceed without payment of the filing fee. Furthermore, the Court will allow plaintiff the opportunity to submit an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-

63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

Pro se complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not

alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of his civil rights against five defendants: (1) the Franklin County Adult Detention Center ("FCADC"); (2) Steve Pelton (Sheriff at FCADC); (3) Stacy Carty (Sargent at FCADC); (4) Darren Vest (prisoner at FCADC); and (5) Jerry Carty (Sargent at FCADC). Plaintiff's allegations are based on an alleged incident which occurred on October 11 while he was being held at the Franklin County Adult Detention Center. After returning to his cell after video court that day, plaintiff was assaulted by another inmate, Darren Vest. Plaintiff alleges that Vest poked him in the eye with his finger and punched him in the face, breaking his orbital bone. Plaintiff asserts that defendant Sargents Stacy and Jerry Carty (husband and wife) denied him access to medical care for seventeen hours after the assault. Plaintiff states that he has "headaches all the time since this injury" and right eye pain every day.

For relief, plaintiff wants all the criminal charges for which he is being held dismissed.[1] He also wants 45.5 million dollars in damages.

## Discussion

Plaintiff's complaint fails to state a valid claim against any of the defendants pursuant to 42 U.S.C. § 1983.

---

[1] The Court notes that plaintiff's request for release from the custody of the State of Missouri is not cognizable in a § 1983 action. This relief is available only through a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). Here, plaintiff fails to allege facts sufficient to give rise to the inference that Darren Vest, as a private actor, came to a mutual understanding with any state actors to violate plaintiff's constitutional rights.

As for defendant FCADC, a detention center is not a suable entity in a § 1983 action. *See White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) ("[A] detention facility is not a person or legally created entity capable of being sued."); *see also De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983).

As to the remaining defendants Steve Pelton, Stacy Carty, and Jerry Carty, the complaint is silent as to whether these defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. *Monell v. Department*

4

*of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom was responsible for the alleged violations of plaintiff's constitutional rights.

Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g., In re Wireless Tele. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[2]

In the "Statement of Claim" section, in separate, numbered paragraphs plaintiff should set forth the specific factual allegations supporting his claim or claims against each defendant, as well as the constitutional right or rights that defendant violated. Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2), construed as a motion, is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint, in accordance with the instructions set forth above, on the Court's form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 26th day of March, 2019.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE