# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRIAN BULLOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-119 NAB |
| | ) |
| FRANKLIN COUNTY ADULT | ) |
| DETENTION CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint filed by *pro se* plaintiff Brian Bullock. On March 26, 2019, the Court granted plaintiff's motion to proceed *in forma pauperis* but ordered that plaintiff file an amended complaint. For the reasons stated below, the Court will dismiss this action without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a

complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## Background

Plaintiff, currently being held at the Fulton Reception and Diagnostic Center ("FRDC") in Missouri, filed his initial complaint in the District of Arizona on December 4, 2018, and it was transferred to this Court on January 29, 2019. Plaintiff also filed an "Application for Leave to Proceed In Forma Pauperis," which was construed by the Court as a motion and granted.

Plaintiff brought his initial complaint in this matter under 42 U.S.C. § 1983, alleging violations of his civil rights against five defendants: (1) the Franklin County Adult Detention Center ("FCADC"); (2) Steve Pelton (Sheriff at FCADC); (3) Stacy Carty (Sargent at FCADC); (4) Darren Vest (prisoner at FCADC); and (5) Jerry Carty (Sargent at FCADC). Plaintiff's complaint allegations were all based on an alleged assault by his cellmate Darren Vest and the lack of timely medical treatment he received following the assault.

On March 26, 2019, the Court reviewed plaintiff complaint under 28 U.S.C. § 1915 and found that it failed to state claim upon which relief could be granted. However, because plaintiff is proceeding *pro se*, the Court allowed plaintiff the opportunity to submit an amended complaint. But the Court warned plaintiff that the amended complaint would again be reviewed under § 1915.

Plaintiff submitted an amended complaint on April 8, 2019.

**Amended Complaint**

Plaintiff's amended complaint, brought under 42 U.S.C. § 1983, names only three defendants: (1) Stacy Carty (Sargent/Deputy Sheriff); (2) Jerry Carty (Sargent/Deputy Sheriff); and (3) Darren Vest (prisoner at FCADC). Stacy and Jerry Carty (husband and wife) are both named in their official capacities only, while Darren Vest is named in his individual capacity only.

The factual allegations of the amended complaint are essentially the same as the initial complaint. Unbeknownst to plaintiff, while he was at video court on October 11, his cellmate Darren Vest assaulted two other inmates. After court, he was sent back to his cell where Vest was located. Plaintiff fell asleep and was awoken by Vest poking his eye and hitting him in the face repeatedly.

Plaintiff claims that defendant Stacy Carty violated FCADC policy by locking him in a cell with an inmate who had just assaulted other inmates. According to plaintiff, policy requires that an inmate be isolated after the first assault. Plaintiff also claims he was in "protective custody" at the time of the assault. Plaintiff asserts that he was in a lot of pain after the assault but that Stacy Carty would not let him go to the emergency room. Stacy Carty also encouraged him not to "press charges" because it would be more paperwork for her. Following Stacy

3

Carty's work shift at FCADC, her husband Jerry Carty began his work shift. Plaintiff alleges that Jerry Carty also denied him medical treatment for seventeen (17) hours, despite plaintiff begging him all night long for medical care.

Plaintiff states that his right orbital bone was fractured and severely bruised due to the assault by Vest. Plaintiff alleges the lasting effects of the incident are headaches, occasional blurry vision, nightmares, and PTSD. For relief, plaintiff wants all charges (and pending charges) against him dropped.[1] He would also like 25.5 million dollars in damages.

### Discussion

The Court finds that plaintiff's amended complaint fails to state a claim upon which relief can be granted and is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2). Plaintiff's claims against cellmate Darren Vest fail because Vest is a private actor, not acting under color of state law, as required for a claim brought under 42 U.S.C. § 1983. In addition, plaintiff fails to state official-capacity claims against Stacy and Jerry Carty because he does not allege a policy or custom of their employer which violated his constitutional rights.

Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). Here, plaintiff fails to allege facts

---

[1] Plaintiff's request for release from the custody of the State of Missouri is not cognizable in a § 1983 action. This relief is available only through a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

sufficient to give rise to the inference that Darren Vest, as a private actor, came to a mutual understanding with any state actors to violate plaintiff's constitutional rights. There is no evidence that Vest conspired with anyone else in planning and executing the assault on plaintiff. As a result, plaintiff's § 1983 claim against Vest fails.

Plaintiff's allegations against Stacy and Jerry Carty can be interpreted as claims for failure to protect and for deliberate indifference to his serious medical needs. However, he brings the claims against the two defendants in their official capacities only. As the Court warned plaintiff in its previous order, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a government official in his or her official capacity, plaintiff must allege that a policy or custom of the employer is responsible for the alleged constitutional violation. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

Plaintiff states that Stacy and Jerry Carty are employed by the Franklin County Sheriff Department. ECF No. 8 at 2-3. However, the amended complaint does not contain any allegations that a policy or custom of the Sheriff Department was responsible for the alleged violations of plaintiff's constitutional rights. In fact, plaintiff alleges the opposite when he states that a policy should have protected him from assault. According to plaintiff, Stacy Carty violated policy by not isolating Vest after his first assault on other inmates.[2] As for his deliberate indifference claims, plaintiff does not state any Sheriff Department policy or custom that Stacy and Jerry Carty were following when they delayed his medical treatment following the assault.

---

[2] To the extent that plaintiff's allegations can be interpreted as a claim that Stacy Carty violated policy regulations, it is well established that there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

For these reasons, plaintiff's official-capacity claims against Stacy and Jerry Carty fail to state a claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of June, 2019.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE